**Charles A. SMITH a/k/a Chuck Smith d/b/a Charles A. Smith Landscaping & Excavating, Appellant,**

**v.**

**A. W. BEAVERS a/k/a Allison W. Beavers d/b/a Arctic Pipelines, Inc., Appellees.**

**No. 2472.**

Supreme Court of Alaska.

Oct. 8, 1976.

---

Edward J. Reasor, Anchorage, for appellant.

Ernest Z. Rehbock, Daniel A. Gerety of Delaney, Wiles, Moore, Hayes & Reitman, Anchorage, for appellees.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

## OPINION

BURKE, Justice.

This appeal involves a dispute between a contractor and his subcontractor over payment for work completed pursuant to a construction project authorized by the City of Anchorage. Briefly summarizing the facts, appellant Smith was awarded a contract by the City for the construction of a sanitary sewer at Goose Lake. Since Smith lacked certain equipment required for the excavation, he contracted with Beavers to perform some of the work. Beavers orally agreed to provide his services for a sum of not more than $6,039. After commencing operations, Beavers found that he could not continue work under the conditions of the oral agreement because of engineering errors and delays in backfilling and clean-up caused by Smith. Beavers told Smith he would remain on the job only by placing his men and equipment on an hourly-fee basis. Smith agreed and Beavers resumed work only to be halted again when the City ordered a shutdown of the project because Smith had, again, fallen behind in the backfilling and clean-up.

Smith did not call Beavers back for additional work and Beavers tendered a bill to Smith requesting payment in the amount of $15,317.50. Smith declined to pay the bill and subsequently the matter was heard in the superior court, without a jury. The trial judge found in favor of the subcontractor, Beavers, and ordered judgment for the amount of the billing, less $600 which had been advanced to Beavers, and less an additional $1,164.66 which Smith was required to spend to grout and cement leaks in sections of the pipe installed by Beavers. Smith has appealed the decision of the trial court, contending that several errors merit reversal or a new trial.

Of the several allegations of error raised by Smith in this appeal, only two merit comment. At trial, counsel for Beavers called John Wineck, an employee of Beavers, to testify about the work performed. On cross-examination, counsel for Smith asked Wineck if he had ever been convicted of a crime. Upon answering in the affirmative, the nature of the offense was probed by counsel at which point the trial judge sustained an objection interposed by counsel for Beavers. We agree with the appellant that the trial judge erred in precluding an inquiry, on cross-examination, into the type and date of the offense.

Rule 43(g)(11)(b), Alaska Rules of Civil Procedure [1] governs the impeachment of witnesses by an adverse party. The rule permits a witness to be impeached either by his own admission that he has been convicted of a crime or by the admission,

1. Rule 43(g)(11)(b), Alaska Rules of Civil Procedure, provide:

*Impeachment by Adverse Party.* A witness may be impeached by the party against whom he was called by contradictory evidence, or by evidence that his general reputation for truth is bad, or that his moral character is such as to render him unworthy of belief. He may not be impeached by evidence of particular wrongful acts, except that it may be shown by the examination of the witness or the record of a judgment that he has been convicted of a crime.

into evidence, of the record of a judgment of conviction. As we indicated in *Gafford v. State,*[2] it is proper for the trial judge to permit inquiry into the name of the crime, the time and place of conviction, and the sentence imposed.[3] On the record before us, however, we are unable to conclude that the trial court's error, in precluding an inquiry into the nature of the conviction by counsel for appellant, merits a reversal of the judgment below or a new trial.[4]

■ The record reflects that upon the sustaining of the objection to the inquiry into the nature of the witness' past conviction, counsel for Smith neglected to make an offer of proof.[5] Thus, we are unable to discern, from the record on appeal, either the type of crime involved, or the disposition and sentence imposed by the court. The failure to make a proper offer of proof, indicating on the record what counsel expected the response to the inquiry to have been, is a fatal defect to the preservation of the issue for appellate review.

■ When the defendant, Smith, testified at trial, his counsel sought to have him refer to certain construction logs to refresh his recollection. The trial court refused to permit Smith to use his logs because exhibits were required by the pretrial order to have been exchanged and marked two weeks before trial. Since counsel for Smith failed to include the logs in the exchange and marking of exhibits, the trial court precluded Smith from using them at trial to refresh his recollection.

Upon being informed by the trial court that the logs could not be used by Smith, counsel for the defendant did not object to the trial court's ruling.[6] In fact, the rec-

2. 440 P.2d 405, 413 (Alaska 1968).

3. *See* C. McCormick, Evidence § 43, at 92–93 (1954).

4. Our holding in this case should not be interpreted as suggesting that any criminal conviction can be used for impeachment purposes. Although not specifically stated by Civil Rule 43(g)(11)(b), we view that rule as having the same limitations expressed in Rule 26(f), Alaska Rules of Criminal Procedure. The latter provides:

(f) Impeachment by Evidence of Conviction of Crime.
(1) *General Rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime involved dishonesty or false statement.
(2) *Time Limit.* Evidence of a conviction under this rule is inadmissible if a period of more than 5 years has elapsed since the date of the conviction of the witness.
(3) *Effect of Pardon, Annulment, or Certificate of Rehabilitation.* Evidence of a conviction is inadmissible under this rule if:
(i) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure, and
(ii) the procedure under which the same was granted or issued required a substantial showing of rehabilitation or was based on innocence.
(4) *Admissibility.* Before a witness may be impeached by evidence of a prior convic-

tion, the court shall be advised of the existence of the conviction and shall rule if the witness may be impeached by proof of the conviction by weighing its probative value against its prejudicial effect.

5. Rule 43(c), Alaska Rules of Civil Procedure, provides:

In an action tried by a jury, if an objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what he expects to prove by the answer of the witness. The court may require the offer to be made out of the hearing of the jury. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made and the ruling thereon. *In actions tried without a jury the same procedure may be followed, except that the court upon request shall take and report the evidence in full, unless it clearly appears that the evidence is not admissible on any ground or that the witness is privileged.* (emphasis added)

6. Rule 46(f), Alaska Rules of Civil Procedure, provides:

Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the

ord reflects that the matter was consciously waived by counsel[7]. Accordingly, we need not reach this issue.[8]

The other allegations of error raised by the appellant, which include the trial court's failure to grant a continuance, the trial court's dismissal of the appellant's counterclaim, and the trial court's denial of appellant's motion for a new trial, are all without merit. Accordingly, the judgment is affirmed.

AFFIRMED.

---

court the action which he desires the court to take or his objection to the action of the court and his grounds therefore; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him.

7. The transcript (305–306) reflects the following colloquoy:

THE COURT: . . . [T]he pretrial order required all these matters be determined earlier rather than withholding them until time of trial.

*    *    *    *    *

MRS. DICKERSON: Well, we don't—I mean he doesn't—if there's any objection to his using it, we don't—we have the engineer's notes, we have lots of things. He doesn't particularly have to use it. We don't particularly need it, Your Honor.

*    *    *    *    *.

THE COURT: The pretrial order direct (sic) that all of these matters of discovery should have been presented each to the other otherwise you cannot use them.

MRS. DICKERSON: Right. We don't need it. We may proceed—

8. We do note that the defendant did not seek to admit the construction logs as "exhibits"; rather, the use sought was merely to refresh the witness' recollection.